UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTONIO COOLEY,

               Petitioner,

     -vs-

THE STATE OF NEW YORK

               Respondent.
_____

**DECISION AND ORDER**
**No. 09-CV-06384**

     *Pro se* Petitioner Antonio Cooley ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 30, 2009.  Dkt. No. 1.  Respondent filed a Response and Memorandum of Law in response to the petition on September 16, 2009.  Dkt. No. 5.  On March 31, 2010, Petitioner moved to amend the petition to include "an unexhausted state issue which will be argued shortly under NY CPL 440.10-30 which [he] neglected to include in [his] petition."  Dkt. No. 11.  The Court denied that motion on the basis that, since the claim was unexhausted, amendment at that time would be futile.  Dkt. No. 14.  On September 13, 2010, Petitioner filed the instant motion to stay the petition ("motion to stay") for purposes of exhausting "those remedies currently pending in the State Court of New York State."  Dkt. No. 15.  Respondent opposes Petitioner's motion to stay.  Dkt. No. 18.

For the reasons set forth below, Petitioner's motion to stay is denied without prejudice to refiling upon a showing that Petitioner is entitled to a stay of the habeas petition pursuant to Rhines v. Weber, 544 U.S. 269, 277 (2005).

**DISCUSSION**

In Zarvela v. Artuz, 254 F.3d 374 (2d Cir.), cert. denied sub. nom. Fischer v. Zarvela, 534 U.S. 1015 (2001), the Second Circuit held that a court presented with a "mixed" habeas corpus petition, one containing both exhausted and unexhausted claims, could exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition." Zarvela, 254 F.3d at 377. The exercise of such discretion is appropriate, the Zarvela court held, "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'" Id., at 380 (quoting Freeman v. Page, 208 F.3d 572, 577 (7th Cir. 2000); see also Davis v. Artuz, 00 Civ. 2874 (RCC) (KNF), 2003 U.S. Dist. LEXIS 17392 (S.D.N.Y. 2003) (relying on Zarvela to stay a habeas proceeding pending the exhaustion of a claim newly raised by the Petitioner on a motion to vacate brought in New York state court pursuant to N.Y. Crim. Proc. Law § 440.10). Under limited circumstances (described below), the Supreme Court has sanctioned the issuance of a Zarvela-type stay to allow a Petitioner to pursue state remedies on an unexhausted claim. See Rhines v. Weber, 544 U.S. 269 (2005).

2

Here, it appears that Petitioner is seeking to add a new unexhausted claim(s) to the petition. Therefore, in addition to re-filing his motion for a stay, as directed below, Petitioner must file a motion to amend the petition to include the new unexhausted claim(s) he seeks to add to the petition. The motion to amend the petition must attach a proposed amended petition that sets forth the factual predicates of both the claims now raised in the petition and the new claim(s) that petitioner seeks to exhaust.

In his motion to amend, Petitioner must address the issue of whether the new claim(s) is timely under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). If the statute of limitations has expired, then the Court must find that the claims "relate back" to the originally pled claims pursuant to Federal Rule of Civil Procedure 15(c) and <u>Mayle v. Felix</u>, 545 U.S. 644 (2005).

Furthermore, at this time the Court does not have sufficient information to determine whether Petitioner's request for a stay is appropriate under <u>Rhines</u>, which directs that:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant

> him a stay when his unexhausted claims are
> plainly meritless.

Id. at 277.  In Rhines, the Supreme Court limited the approval of
stay requests to only those situations where there was a showing of
"good cause" for the petitioner's failure to exhaust the claims in
state court and that the unexhausted claims were not "plainly
meritless" or, stated another way, the claims are "potentially
meritorious."  See id. at 277-78; see also Faden v. Annetts, 05
Civ. 1850 (BSJ) (DF), 2005 U.S. Dist. LEXIS 14910, at *2 (S.D.N.Y.
July 26, 2005) (denying request for stay without prejudice to renew
upon a showing of (1) good cause for petitioner's failure to
exhaust the new claims, (2) that the claims either relate back to
the originally pled claims, or petitioner was not able to raise the
new claims in the original petition, and (3) that the new claims
are "potentially meritorious" on federal habeas corpus review).

In the instant matter, to the extent Petitioner has a new
claim(s) he is attempting to exhaust, he has failed to establish
the criteria for the granting of a stay as provided in Rhines.
Petitioner is therefore instructed to re-file his motion to stay,
specifically addressing the required factors set forth in Rhines.

First, the Court requires additional information regarding the
claim(s) that he is exhausting in the state courts.  The Court must
have sufficient information from Petitioner about the claim(s) in
order to assess whether the claims are "potentially meritorious."

4

Second, Petitioner must provide information to enable the Court to address the "good cause" requirement. Specifically, Petitioner is required to explain what prevented him from exhausting the claim(s) before he filed his original habeas petition in this Court.

Third, Petitioner should also provide information regarding the substance and status of his state court proceedings. Petitioner should indicate the date on which any collateral motion, pursuant to N.Y. Crim. Proc. Law § 440, was filed and the basis on which it is grounded.  In addition, he should inform the Court whether the motion is still pending before the County Court or, if the motion has been denied by the County Court, whether he has appealed and, if so, the status of the appeal.

The Court notes that nothing in this Order shall be considered to be a limitation on Petitioner's ability to pursue any additional state court remedies that may be available to him with regard to any unexhausted claim(s) he may have independent of his habeas petition.  Accordingly, it is hereby

**ORDERED** that, Petitioner's motion to stay (Dkt. No. 15) the petition and hold it in abeyance is denied without prejudice with leave to re-file upon complying with the requirements set forth in Rhines, 544 U.S. at 277.  If Petitioner re-files the motion to stay, he must do so within thirty (30) days of his receipt of this

5

Order, and must also serve a copy of the motion on Respondent, and it is further

**ORDERED** that, to the extent Petitioner seeks to add a new claim or claims to the petition, he shall, within thirty (30) days of his receipt of this Order, in addition to re-filing the motion to stay the petition, file and serve upon Respondent a motion to amend the petition which addresses the issue of timeliness of the new claim or claims and "relation back" pursuant to <u>Mayle v. Felix</u>. He shall also attach to this motion a proposed amended petition that raises both the claims now raised in the petition and the new claim or claims Petitioner is required to exhaust, and it is further

**ORDERED** that, if Petitioner re-files his motion for a stay and a proposed amended petition, Respondent shall have thirty (30) days from the date of service of those pleadings to submit an opposing response and a memorandum of law. Petitioner shall have twenty (20) days from the date he receives Respondent's opposition papers to submit a reply memorandum of law.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     May 18, 2011
           Rochester, New York

6